United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

**No. 05-30353**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ALFRED COLLINS,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(5:04-CR-50144-1)**

_____

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alfred Collins was convicted after pleading guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and was sentenced, *inter alia*, to 72 months in prison. In imposing this sentence, the district court departed upwardly from a guideline range of 51 to 63 months. Collins did *not* object to the departure in district court.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The court concluded the departure was necessary to: promote respect for the law, afford an adequate deterrence to criminal conduct, and protect the public from further crimes. It also considered the characteristics of the defendant and his apparent disregard for the conditions imposed during past periods of probation and supervised release. In sum, the court based its determination on the Sentencing Guidelines and 18 U.S.C. § 3553 (listing the factors a sentencing court should consider when imposing a sentence). Collins does *not* assert the court considered any impermissible factors in deciding to depart upward.

After **United States v. Booker**, 543 U.S. 220 (2005), we review an upward departure from a properly calculated Guidelines sentence for reasonableness. *See* **United States v. Jones**, 444 F.3d 430, 439 (5th Cir. 2006), *petition for cert. filed*, No. 05-11153 (23 May 2006). Because Collins did *not* object to this departure, review is only for plain error. *E.g.,* **United States v. Ragsdale**, 426 F.3d 765, 783-84 (5th Cir. 2005) (to constitute reversible plain error, there must be clear or obvious error that affects substantial rights), *cert. denied*, 126 S. Ct. 1405 (2006). Based on the record, the court reasonably imposed the sentence. *See* **Jones**, 444 F.3d at 439. Neither the decision to depart, nor the extent of that departure, was unreasonable. This is especially so under plain error review. *See* **id.** at 439-41.

*AFFIRMED*